**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4800**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JOSE YUNIDES MOLINA MENDOZA, a/k/a Jose Mendoza, a/k/a Jose
Y. Mendoza,

        Defendant - Appellant.

Appeal from the United States District Court for the District of
Maryland, at Greenbelt.  Paul W. Grimm, District Judge.  (8:15-
cr-00191-PWG-1)

Submitted:  August 29, 2016      Decided:  September 14, 2016

Before FLOYD and THACKER, Circuit Judges, and DAVIS, Senior
Circuit Judge.

Dismissed in part; affirmed in part by unpublished per curiam
opinion.

Marc Gregory Hall, LAW OFFICES OF MARC G. HALL, P.C., Greenbelt,
Maryland, for Appellant.  Sumon Srinivas Dantiki, OFFICE OF THE
UNITED STATES ATTORNEY, Francesca Anne Liquori, Special
Assistant United States Attorney, Greenbelt, Maryland, for
Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jose Yunides Molina Mendoza (Mendoza) pleaded guilty, pursuant to a written plea agreement, to reentry of an alien deported after conviction for an aggravated felony, in violation of 8 U.S.C. § 1326(a), (b)(2) (2012). The district court calculated Mendoza's advisory Guidelines range under the U.S. Sentencing Guidelines Manual at 57 to 71 months' imprisonment and sentenced Mendoza to 46 months' imprisonment. On appeal, Mendoza's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but questioning whether the district court abused its discretion in imposing the 46-month sentence. The Government has moved to dismiss the appeal of Mendoza's sentence based on the waiver of appellate rights included in the plea agreement. Mendoza was informed of his right to file a pro se supplemental brief, but he has not done so. We dismiss in part and affirm in part.

A defendant may waive the right to appeal if that waiver is knowing and intelligent. United States v. Poindexter, 492 F.3d 263, 270 (4th Cir. 2007). Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during a plea colloquy performed in accordance with Fed. R. Crim. P. 11, the waiver is both valid and enforceable.

2

United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005). Whether a defendant validly waived his right to appeal is a question of law that this court reviews de novo. United States v. Thornsbury, 670 F.3d 532, 537 (4th Cir. 2012).

Our review of the record leads us to conclude that Mendoza knowingly and voluntarily waived the right to appeal his 46-month sentence. We therefore grant the Government's motion to dismiss and dismiss the appeal of Mendoza's sentence.

The Government does not seek to enforce the appeal waiver with respect to Mendoza's conviction, and we therefore may "perform the required Anders review" with respect to that conviction. See Poindexter, 492 F.3d at 271. In accordance with Anders, we have reviewed the remainder of the record in this case and have found no meritorious issues for appeal. We therefore affirm Mendoza's conviction.

This court requires that counsel inform Mendoza, in writing, of the right to petition the Supreme Court of the United States for further review. If Mendoza requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Mendoza.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED IN PART;
AFFIRMED IN PART
